IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| DAVID M.,[1] | Case No. 6:20-cv-00157-YY |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | |
| Defendant. | |

**YOU, U.S. Magistrate Judge.**

Plaintiff David M. brings this appeal challenging the denial by the Commissioner of the Social Security Administration ("Commissioner") of his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. The Court has jurisdiction to hear this appeal pursuant to 42 U.S.C. § 1383(c)(3), which incorporates the review provisions of 42 U.S.C. § 405(g). For the reasons explained below, the Commissioner's decision is REVERSED.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

**STANDARD OF REVIEW**

The district court may set aside a denial of benefits only if the Commissioner's findings are "'not supported by substantial evidence or [are] based on legal error.'" Bray v. Comm'r Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). Substantial evidence is defined as "'more than a mere scintilla [of evidence] but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)).

The district court "cannot affirm the Commissioner's decision 'simply by isolating a specific quantum of supporting evidence.'" Holohan v. Massanari, 246 F.3d 1195, 1201 (9th Cir. 2001) (quoting Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999)). Instead, the district court must consider the entire record, weighing the evidence that both supports and detracts from the Commissioner's conclusions. Id. Where the record as a whole can support either a grant or a denial of Social Security benefits, the district court "'may not substitute [its] judgment for the [Commissioner's].'" Bray, 554 F.3d at 1222 (quoting Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007)).

**BACKGROUND**

**I.    Plaintiff's Application**

Born in 1970, Plaintiff was 37 years old on his alleged onset date of June 20, 2007. (Tr. 19.) Plaintiff filed his applications for DIB and SSI on April 18, 2016, alleging disability due to left foot osteoarthritis, status post tibiotalar arthrodesis – left ankle fusion, bilateral knee degenerative joint disease, and obesity. (Tr. 22-23.) The Commissioner denied Plaintiff's application initially and upon reconsideration. Plaintiff requested a hearing before an Administrative Law Judge (ALJ) and appeared and testified at a hearing held on January 2, 2019.

PAGE 2 – OPINION AND ORDER

(Tr. 19.) After the hearing, the ALJ issued a written decision dated February 4, 2019, denying Plaintiff's applications. (Tr. 19-31.) The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (Tr. 1-6.) Plaintiff now seeks judicial review of that decision.

## II.     The Sequential Analysis

A claimant is considered disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." Keyser v. Comm'r Soc. Sec. Admin., 648 F.3d 721, 724 (9th Cir. 2011). Those five steps are: (1) whether the claimant is currently engaged in any substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the claimant can return to any past relevant work; and (5) whether the claimant is capable of performing other work that exists in significant numbers in the national economy. Id. at 724-25. The claimant bears the burden of proof for the first four steps. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001). If the claimant fails to meet the burden at any of those steps, the claimant is not disabled. Id.; Bowen v. Yuckert, 482 U.S. 137, 140-41 (1987).

The Commissioner bears the burden of proof at step five of the sequential analysis of showing the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." Tackett, 180 F.3d at 1100. If the Commissioner fails to meet this burden, the claimant is disabled. Bustamante, 262 F.3d at 954 (citations omitted).

PAGE 3 – OPINION AND ORDER

### III. The ALJ's Decision

The ALJ applied the five-step sequential evaluation process to determine if Plaintiff is disabled. (Tr. 19-31.) At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since June 20, 2007, his alleged onset date. (Tr. 21.) At step two, the ALJ determined that Plaintiff suffered from the severe impairments of left foot osteoarthritis, status post tibiotalar arthrodesis – left ankle fusion, and bilateral knee degenerative joint disease. (Tr. 22-23.)

At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or equals a listed impairment. (Tr. 23.) The ALJ then concluded that Plaintiff had the residual functional capacity ("RFC") to perform a full range of sedentary work, with the following limitations: he can occasionally balance, stoop, crouch, kneel, and climb ramps and stairs; he can never crawl or climb ladder, ropes, or scaffolds; he can stand or walk for one hour at a time without interruption; and he requires a handheld single point cane to stand or walk. (Tr. 23.)

At step four, the ALJ concluded that Plaintiff was unable to perform any of his past relevant work in the construction industry. (Tr. 29.) At step five, the ALJ determined that Plaintiff could perform a significant number of jobs in the national economy, including stuffer, film touch up inspector, and polisher of eyeglass frames. (Tr. 30.) The ALJ therefore concluded that Plaintiff was not disabled. (Tr. 30-31.)

Plaintiff argues that the ALJ erred by (1) improperly evaluating the medical evidence; (2) failing to properly consider Plaintiff's obesity; and (3) improperly rejecting Plaintiff's subjective symptom testimony.

**DISCUSSION**

**I.    Medical Opinion Evidence**

Plaintiff first argues that the ALJ improperly rejected the opinions of Brandon Bishop, D.P.M., and Derek Leinenbach, M.D.  "There are three types of medical opinions in social security cases: those from treating physicians, examining physicians, and non-examining physicians." Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 692 (9th Cir. 2009).  "Where a treating or examining physician's opinion is contradicted by another doctor, the '[ALJ] must determine credibility and resolve the conflict.'"  Id. (citation omitted).  "An ALJ may only reject a treating physician's contradicted opinions by providing 'specific and legitimate reasons that are supported by substantial evidence.'"  Ghanim v. Colvin, 763 F.3d 1154, 1161 (9th Cir. 2014) (quoting Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008)).

"An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'"  Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)).  "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." Id.  "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion."  Id. at 1012-13 (citing Nguyen v. Chater, 100 F.3d 1462, 1464 (9th Cir. 1996)).

**A.   Dr. Bishop**

Dr. Bishop treated Plaintiff's left foot pain and opined that Plaintiff would have to miss work more than four days per month due to his limitations.  (Tr. 27, 628-29.)  His opinion conflicted with the opinions of four other doctors, including two examining physicians.  (Tr. 26-

PAGE 5 – OPINION AND ORDER

27, 127-28, 145-46, 430, 487.)  The ALJ was therefore required to provide specific, legitimate reasons for rejecting Dr. Bishop's controverted opinion.  Ford v. Saul, 950 F.3d at 1154.

The ALJ rejected Dr. Bishop's extreme limitations because they were unexplained and conflicted with the medical evidence.  (Tr. 27.)  The ALJ may discount a medical opinion when it is inconsistent with the medical records or the doctor's own treatment records.  Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008).  Further, the ALJ need not accept a physician's opinion that is brief, conclusory, and inadequately supported by clinical findings.  Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012).  Here, Dr. Bishop provided a sparse and cursory opinion that contained no explanation and conflicted with the record.  (*See* Tr. 1123, 1125, 1131, 1508).  Thus, the ALJ provided specific, legitimate reasons for rejecting Dr. Bishop's controverted opinion.  Ford, 950 F.3d at 1154.

### B.  Dr. Leinenbach

Dr. Leinenbach opined that Plaintiff could never crouch or climb ladders or scaffolds and could only occasionally balance, kneel, crouch, and climb ramps and stairs.  (Tr. 1308.)  Dr. Leinenbach also found that Plaintiff could lift and carry no more than ten pounds, stand and walk for two hours in an eight-hour workday, and sit for eight hours in an eight-hour workday.  (Tr. 1305-06.)  Dr. Leinenbach further opined that Plaintiff could never operate foot pedals.

The ALJ accepted some of Dr. Leinenbach's opinion but rejected his statement that Plaintiff had severe postural limitations and could never operate foot pedals.  (Tr. 28.)  Dr. Leinenbach's opinion was contradicted by the opinions of four other physicians, and the ALJ was therefore required to provide specific, legitimate reasons for rejecting it.  Ford, 950 F.3d at 1154.

The ALJ noted that Dr. Leinenbach's opinion was not supported by the medical evidence of record.  For example, records from Plaintiff's physical therapy provider showed improved

strength in Plaintiff's knees after two sessions. (Tr. 1321.) Physical examination records from December 2017 showed mild pain with ankle palpation. (Tr. 28, 1135, 1148, 1195, 1354, 1501.) However, Plaintiff reported worsening pain to his providers following these apparent improvements, to the extent that Plaintiff began using crutches instead of a cane to ambulate. (Tr. 1370-71.) The longitudinal record of Plaintiff's condition thus supports Dr. Leinenbach's opinion. On this record, the ALJ failed to provide specific, legitimate reasons for rejecting Dr. Leinenbach's opinion regarding Plaintiff's symptoms and limitations.

## II.    Step Two Findings

Plaintiff next argues that the ALJ failed to consider the impact of his obesity in his RFC formulation. The ALJ is required to consider a claimant's weight in assessing his RFC if the claimant sets forth evidence of functional limitations resulting from his obesity. Burch v. Barnhart, 400 F.3d 676, 683-84 (9th Cir. 2005). Here, the ALJ addressed the impact of Plaintiff's weight gain at the administrative hearing, as well as medical findings that linked Plaintiff's weight to specific functional limitations. (Tr. 24-28.) The ALJ specifically addressed the link between Plaintiff's obesity and his symptoms and limitations associated with ankle pain. Plaintiff has failed to identify any specific limitations linked to his obesity that the ALJ failed to properly consider. Because the ALJ properly considered Plaintiff's limitations related to obesity in his RFC formulation, he did not err. Burch, 400 F.3d at 683-84.

## III.   Subjective Symptom Testimony

Finally, plaintiff argues that the ALJ improperly rejected his subjective symptom testimony. The ALJ is required to provide specific, clear and convincing reasons for rejecting a claimant's testimony. Garrison v. Colvin, 759 F.3d 995, 1017 (9th Cir. 2014).

At the administrative hearing, Plaintiff testified that he was unable to work primarily due to posttraumatic left ankle arthritis, back pain, and knee pain. (Tr. 317, 1304.) Plaintiff suffers from left knee arthritis, is unable to walk without an assistive device, and has had painful gout flares in his ankles, knees, and wrists. (Tr. 317, 319, 321-22, 1304.) He has had three fusion surgeries, as well as knee surgery, and has discussed additional "surgical options such as amputation." (Tr. 1135; *see also* Tr. 472 ("Spinal Nerve Injury - needs surgery, Carpal tunnel - both wrists, surgery already, done in one wrist needs surgery in other, plate and bolts in ankle - fused ankle); Tr. 1099 (discussing need for amputation); Tr. 1151 ("There is even talk of possible amputation due to failed pain relief" after multiple ankle procedures and foot procedures."); Tr. 1367 ("At this time, David is having a difficult time because he has a very arthritic, almost completely arthrosed, left ankle and is looking to potentially have an amputation to address that. The knee is very problematic at this time as well.")

The ALJ determined that Plaintiff was limited to sedentary work that allowed for the use of an assistive device but rejected Plaintiff's testimony to the extent it conflicted with the RFC assessment. (Tr. 23-24.) The ALJ first found that Plaintiff's statements conflicted with the medical evidence of record. (Tr. 24-26.) The ALJ may discount a claimant's statements if medical opinion evidence contradicts the claimant's subjective testimony. Carmickle v. Comm'r, 533 F.3d 1155, 1161 (9th Cir. 2008). The ALJ considered imaging of Plaintiff's left ankle in 2009 that revealed acute fracture, intact joints, and stable appearance of the tibiotalar joint fusion. (Tr. 24, 498-99.) In January 2012, a physical examination of Plaintiff's left ankle revealed normal findings, and an x-ray revealed no evidence of abnormality. (Tr. 498.) In 2015, new imaging of Plaintiff's left ankle revealed moderate osteoarthritis with no new fractures or destructive process. (Tr. 506, 1138.) After undergoing surgery in 2016, Plaintiff reported in February 2017 that he was

doing "a lot" better with pain. (Tr. 1123, 1125.) By March of 2017, Plaintiff reported no increased ankle pain and was doing much better. (Tr. 25, 1503, 1505.) Records from the following year, however, show that Plaintiff reported pain with palpation of his left ankle, and continued limitations in functioning due to left ankle pain. (Tr. 1313, 1523.)

While evidence of temporary relief and some mild to moderate objective findings do not support Plaintiff's allegations of disabling left ankle pain, they do not contradict Plaintiff's testimony regarding his subjective symptoms of pain. Once a claimant produces objective evidence of an underlying impairment, the ALJ may not reject his subjective complaints based solely upon a lack of objective medical evidence. Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001). Plaintiff produced ample medical records to substantiate his underlying knee and ankle impairments. Evidence of temporary improvement, and the presence of mild to moderate findings in the medical record, do not constitute a legally sufficient reason for rejecting Plaintiff's testimony regarding his pain and limitations due to these impairments. Rollins, 261 F.3d at 856.

The ALJ also found that gaps in Plaintiff's course of treatment were inconsistent with Plaintiff's testimony regarding his pain and limitations. (Tr. 24-26.) An ALJ may properly discount a claimant's testimony if "the frequency or extent of treatment sought . . . is not comparable with the degree" of his complaints. SSR 16-3p, at 9. Here, Plaintiff did not appear to seek treatment for his left ankle between March and December 2017. (Tr. 1133.) Despite this brief gap following Plaintiff's surgery, however, the longitudinal record reflects consistent and regular attempts by Plaintiff to obtain relief from his symptoms. On this record, the ALJ failed to provide legally sufficient reasons for rejecting Plaintiff's subjective symptom testimony.

## REMAND

When the erroneously rejected testimony is credited as true, remand is appropriate. Garrison v. Colvin, 759 F.3d 995, 1022 (9th Cir. 2014). Here, the ALJ erred by rejecting Plaintiff's testimony and the medical opinion of Dr. Leinenbach, which establish extreme limitations related to Plaintiff's ankle pain. Specifically, Plaintiff testified that he spends most of his days elevating and resting his ankle to control swelling and pain. Because this testimony precludes the possibility of sustaining full-time employment, no outstanding issues remain before a finding of disability can be made when this evidence is credited as true. This case is therefore remanded for the immediate payment of benefits.

## CONCLUSION

For the reasons stated, the Commissioner's decision is REVERSED and REMANDED for the immediate payment of benefits.

**IT IS SO ORDERED.**

DATED this 11th day of June, 2021.

       /s/ Youlee Yim You
YOULEE YIM YOU
United States Magistrate Judge